UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    JS-6

| Case No. | 2:26-cv-02178-CAS-BFMx | Date | April 9, 2026 |
|---|---|---|---|
| Title | Makilia Price v. Juan Pantoja et al | | |

Present: The Honorable    CHRISTINA A. SNYDER

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**        **(IN CHAMBERS)** - ORDER TO REMAND

On December 22, 2025, plaintiff Makilia Price filed this unlawful detainer action against defendants Juan Pantoja, Yolanda Torrones, Nataly Pantoja, and Does 1 to 10, in Los Angeles County Superior Court. Dkt. 1 at 6. Defendant Juan Pantoja removed the case to this Court on March 2, 2026. Id. at 1. Defendant Juan Pantoja concurrently filed a request to proceed *in forma pauperis*. Dkt. 2. Defendant Juan Pantoja asserts that this Court has jurisdiction on the basis of a federal question. Dkt. 1 at 1 (citing 28 U.S.C. § 1331 and § 1441).

It appears that this Court lacks subject matter jurisdiction over this action. The law is clear that "[u]nlawful detainer actions are strictly within the province of state court." Fannie Mae v. Suarez, 2011 U.S. Dist. LEXIS 82300, *6 (E.D. Cal. Jul. 27, 2011); Deutsche Bank Nat'l Trust Co. v. Leonardo, 2011 U.S. Dist. LEXIS 83854, *2 (C.D. Cal. Aug. 1, 2011) ("[T]he complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law."). A defendant's attempt at creating federal subject matter jurisdiction by adding claims or defenses to a notice of removal must fail. McAtee v. Capital One, F.S.B., 479 F.3d 1143, 1145 (9th Cir. 2007).

Here, the only claim asserted by plaintiff is for unlawful detainer against defendants. See Dkt. 1. Defendant Juan Pantoja claims that he withheld rent as a consequence of plaintiff discriminating against him and his co-tenant in violation of the Fair Housing Act, 42 U.S.C. 3604(f)(3) (A), (C)(ii), and (C)(iii). Id. at 2-3.

However, a defendant cannot create federal subject matter jurisdiction by adding claims or asserting defenses. McAtee, 479 F.3d at 1145. Accordingly, the Court appears to lack subject matter jurisdiction. Suarez, 2011 U.S. Dist. LEXIS 82300 at *6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **JS-6**

| Case No. | 2:26-cv-02178-CAS-BFMx | Date | April 9, 2026 |
|---|---|---|---|
| Title | Makilia Price v. Juan Pantoja et al | | |

The Court therefore lacks subject matter jurisdiction and must remand.  Suarez, 2011 U.S. Dist. LEXIS 82300 at *6.  On March 6, 2026, the Court ordered defendant to show cause, in writing, no later than March 20, 2026, why this case should not be remanded to Los Angeles County Superior Court.  Dkt. 7.  Defendant has failed to respond to the order to show cause.  Accordingly, the Court **REMANDS** this case to Los Angeles County Superior Court.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |